IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

L & L CONSTRUCTION SERVICES, L.L.C.,
AND KEITH MARQUAR                                                    PLAINTIFFS

v.                                                  CIVIL NO. 1:18cv146-HSO-JCG

LONNIE FALGOUT, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS A COUNCILMAN
FOR THE CITY OF BAY ST. LOUIS, MISSISSIPPI;
MIKE FAVRE, IN HIS CAPACITY AS MAYOR OF
THE CITY OF BAY ST. LOUIS, MISSISSIPPI;
AND, CITY OF BAY ST. LOUIS, MISSISSIPPI                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING WITHOUT PREJUDICE IN PART DEFENDANTS'
MOTIONS TO DISMISS [19] [32] PLAINTIFFS' AMENDED
COMPLAINT [18], AND GRANTING PLAINTIFFS LEAVE TO AMEND**

BEFORE THE COURT are Defendants City of Bay St. Louis, Mississippi, and Mayor Mike Favre's Motion to Dismiss [19], and Defendant Lonnie Falgout's Motion to Dismiss [32] Plaintiffs L & L Construction Services, L.L.C., and Keith Marquar's Amended Complaint [18].[1]  These Motions are fully briefed.  The Court

---

[1] Falgout asserts in his Memorandum in Support [33] of his Motion to Dismiss [32] that the Complaint [1] identifies a nonexistent limited liability company, L & L Marine Construction, L.L.C., as a Plaintiff.  Mem. in Supp. [33] at 6 n.6.  While the Amended Complaint [18] identifies an existing limited liability company, L & L Construction Services, L.L.C., as a Plaintiff, Falgout contends this constituted an improper substitution of a party, but that this should not alter the outcome and the claims against him should be dismissed.  *Id.*  Because Defendants did not object to Plaintiffs' Amended Complaint, the docket will be revised to reflect that the company asserting claims against Defendants is L & L Construction Services, L.L.C.  *See* Notice of Filing Amended Complaint [16] at 1; Written Consent [16-1] at 1-2.

finds that Defendants' Motions [19] [32] should be granted in part and denied without prejudice in part. Plaintiffs' official capacity claims against Defendants Mayor Mike Favre and Lonnie Falgout, and Plaintiffs' punitive damages against the City of Bay St. Louis, Mississippi, will be dismissed.

I. BACKGROUND

A. Relevant factual and procedural history

Plaintiffs L & L Construction Services, L.L.C. ("L & L"), and Keith Marquar ("Marquar" or jointly "Plaintiffs") were hired by Mr. Wayne McCants to construct a bulkhead and pier on Mr. McCants' property located at 144 Elaine Drive, Bay St. Louis, Mississippi. Am. Compl. [18] at 3. At the time, Defendant Lonnie Falgout ("Falgout"), who was a City Councilman for the City of Bay St. Louis, owned the adjacent real property located at 146 Elaine Drive, Bay St. Louis, Mississippi, and objected to the construction project. Mr. Falgout allegedly filed objections with Mississippi Department of Marine Resources ("MDMR") and the Army Corps of Engineers ("ACOE") in an attempt to stop the project. *Id.* When that approach did not succeed, Mr. Falgout allegedly

> set forth on a course of action to use the color of law, the power and authority given to him as a [City of] Bay St. Louis councilman, to erect barriers to interstate trade and to the [sic] deprive Marquar and L & L of the rights, privileges, or immunities secured to them by the Constitution of the United States of America and its many laws regulating interstate ecommerce.

*Id.* at 4.

Plaintiffs further allege that Mr. Marquar, on behalf of himself and L & L and in an attempt to have the City of Bay St. Louis officially intercede and stop Mr. Falgout from harassing its citizens, repeatedly spoke with City officials, met with the Mayor, the City Attorney and City Council members, and also attended City Council meetings. *Id.* at 6-7.

Plaintiffs filed a Complaint [1] in this Court on April 27, 2018, followed by an Amended Complaint [18] on August 19, 2018. Am. Compl. [18] at 1-17. The Amended Complaint advances claims against Defendant Falgout in both his individual and official capacities, and claims against Defendants the City of Bay St. Louis, Mississippi ("City of Bay St. Louis"), and Mayor Mike Favre ("Favre") in his official capacity. *Id.* Plaintiffs assert causes of action pursuant to 42 U.S.C. § 1983 and state law against Defendants for: (1) "Unconstitutional use of position as City Councilman to Interfere with and destroy the business," of Plaintiffs, *id.* at 7-10; (2) "Assault and Battery," *id.* at 11-12; (3) "Libel," *id.* at 12-14; and (4) "Slander," *id.* at 14-15. Plaintiffs allege that the actions taken by Mr. Falgout were under the color of state law and were ratified by the City of Bay St. Louis. *Id.* at 3-7. Plaintiffs seek compensatory damages in the amount of $2,500,000.00, punitive damages in the amount of $2,000,000.00, and costs and attorneys' fees against all Defendants, jointly and severally. Am. Compl. [18] at 16-17.

B.      Defendants City of Bay St. Louis and Mayor Favre's Motion to Dismiss [19]

Defendants City of Bay St. Louis and Mayor Favre have filed a Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss [19] at 1-2. They assert that Plaintiffs' "civil rights lawsuit" fails to state a claim upon which relief may be granted. *Id.*; Mem. in Supp. [20] at 1-9. In a footnote, Defendants point out that the official capacity claims asserted against Mayor Favre and Mr. Falgout are tantamount to claims against the City of Bay St. Louis itself and should be dismissed as duplicative. Mot. to Dismiss [1] at 1; Mem. in Supp. [20] at 1. Defendants next contend that the claims against the City should be dismissed because Plaintiffs have failed to plead facts that could plausibly support a 42 U.S.C. § 1983 claim. Specifically, Plaintiffs have not identified (1) the existence of an official policy, (2) which was promulgated by a final policymaker, and (3) that was the moving force behind any alleged constitutional violations. Mem. in Supp. [20] at 5-7. Defendants also argue that Plaintiffs' state law claims are meritless and that the punitive damages claims are not viable as asserted against the City of Bay St. Louis, such that they should be dismissed. *Id.* at 7-9.

Plaintiffs' Response posits that the City of Bay St. Louis cannot escape municipal liability because the City Council had actual or constructive knowledge that Mr. Falgout was violating Plaintiffs' constitutional rights but "failed to carry out their duty to correct them." Resp. in Opp'n [28] at 4-7 (quoting *O'Quinn v.*

4

*Manuel*, 773 F.2d 605, 608-09 (5th Cir. 1985)).  Plaintiffs concede, however, that punitive damages are not viable against Defendant City of Bay St. Louis.  Resp. in Opp'n [28] at 7.  Plaintiffs ask that the Motion to Dismiss be denied, or alternatively, that they be granted leave to amend their Amended Complaint.  *Id.* at 8-9.

C.  Defendant Falgout's Motion to Dismiss [32]

In his Motion to Dismiss [32], Defendant Falgout contends that the official capacity claims against him are duplicative of the claims against the City of Bay St. Louis and should be dismissed pursuant to Rule 12(b)(6).  Mot. to Dismiss [32] at 1 & n.1.  Mr. Falgout further asserts that Plaintiffs have failed to proffer sufficient facts to support a claim against him in his individual capacity and those claims should also be dismissed.  *Id.*; Mem. in Supp. [33] at 1-9.

Plaintiffs respond that Mr. Falgout is not entitled to qualified immunity in his individual capacity because he violated Plaintiffs' constitutional rights, and that those rights were clearly established at the time.  Mem. in Supp. [34] at 1-9. Plaintiffs maintain that Mr. Falgout's Motion should be denied as to the individual capacity claims, or alternatively, that they should be granted leave to amend their Amended Complaint.  *Id.*

## II. DISCUSSION

A.  Relevant legal standard

In considering a motion to dismiss under Rule 12(b)(6), a court accepts "all

5

well-pleaded facts as true" and "views them in the light most favorable to the plaintiff." *Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

> The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (footnote and citations omitted). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

*Id.* (footnote omitted). A court's analysis is generally "confined to a review of the

6

complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

B. <u>Analysis</u>

    1. <u>Defendants' Motions to Dismiss [19] [32] should be granted in part and denied in part without prejudice to their right to re-urge.</u>

        a. <u>Official capacity claims under 42 U.S.C. § 1983</u>

Defendants' Motions to Dismiss [19] [32] ask that the 42 U.S.C. § 1983 official capacity claims asserted against Defendants Falgout and Favre be dismissed as duplicative of the claims against the City of Bay St. Louis. The Court agrees. It is well settled that a claim against a government officer in his official capacity is equivalent to a claim against the government entity itself. *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (citing *Flores v. Cameron Cnty., Tex.*, 92 F.3d 258, 261 (5th Cir. 1996)). Here, the City of Bay St. Louis is also named as a Defendant. Plaintiffs' § 1983 claims against Mr. Falgout and Mayor Favre in their official capacities are essentially claims against the City and are therefore redundant. The Motions to Dismiss should be granted as to these claims.

        b. <u>Punitive damages claims</u>

Defendants also seek dismissal of Plaintiffs' punitive damages claims as against the City of Bay St. Louis since a municipal defendant is not subject to punitive damages. Plaintiffs concede this issue. The 42 U.S.C. § 1983 and state law punitive damages claims against the City of Bay St. Louis will be dismissed.

7

*See Gil Ramirez Grp., LLV v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 412 (5th Cir. 2015) ("to overcome municipal immunity from punitive damages, Congress must clearly express its intention") (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 263 (1981)); *Harris v. Jackson County,* 1:14cv435, 2015 WL 5918196, at *5 (S.D. Miss. October 9, 2015) (holding that punitive damages are barred by Miss. Code Ann. § 11–46–15) (citing *Madison v. DeSoto Cty.,* 822 So. 2d 306, 310 (Miss. Ct. App. 2002) ("[N]o governmental body, or employee thereof, may be liable for punitive damages in any action in the courts of the State of Mississippi.")).

    2.    <u>Plaintiffs should be allowed to amend their Amended Complaint as to Defendant City of Bay St. Louis and Defendant Falgout in his individual capacity.</u>

In their Responses [28] [34] to Defendants' Motions to Dismiss, Plaintiffs request leave to amend their pleadings. In Reply [30], the City of Bay St. Louis argues against allowing any amendment, contending that it never ratified the alleged actions of Mr. Falgout, and that Plaintiffs' "conclusory argument of municipal 'inaction' is not a viable theory of liability" in this case. Reply Mem. [31] at 1-8.

In determining whether to permit a plaintiff leave to amend a complaint under Federal Rule of Civil Procedure 15, as opposed to granting a motion to dismiss under Rule 12, a court considers various factors, although there is a "presumption in favor of allowing amended pleadings." *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378-79 (5th Cir. 2014) (quotation omitted).

8

> "Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (citation and internal quotation marks omitted). Leave to amend is in no way automatic, but the district court must possess a "substantial reason" to deny a party's request for leave to amend. *Id.* (citation and internal quotation marks omitted). The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." *Id.* (citation omitted). "In light of the presumption in favor of allowing pleading amendments, courts of appeals routinely hold that a district court's failure to provide an adequate explanation to support its denial of leave to amend justifies reversal." *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 426 (5th Cir. 2004) (citation omitted).

*Id.* at 378.

The Amended Complaint alleges that Mr. Marquar attended "City Council meetings in attempts to get relief" from Mr. Falgout's pattern and practice of violating the constitutional rights of Plaintiffs and other citizens. Am. Compl. [18] at 3-7. What is not contained in the pleadings are any facts stating what, if anything, happened during the City Council meetings Mr. Marquar attended, or how the actions of the City constituted ratification of Mr. Falgout's conduct. Given the record in this case, the Court cannot discern whether an amendment would be futile. *See World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755-56 (5th Cir. 2009) ("if authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the

9

municipality because their decision is final") (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)).

Given the nature of the issues presented by the parties and the record, the Court is of the opinion that the more appropriate course at this early stage of the case would be to allow Plaintiffs leave to amend in order to state their claims with greater particularity.

III. CONCLUSION

Defendants' Motions to Dismiss [19] [32] will be granted as to the claims against Defendants Favre and Falgout in their official capacities under 42 U.S.C. § 1983, and as to the punitive damages claims against the City of Bay St. Louis. These claims will be dismissed with prejudice. The Motions will be denied as to all other claims, without prejudice to Defendants' rights to reassert the Motions following the filing of any amended complaint. Plaintiffs will be permitted the opportunity to amend their Amended Complaint to state the claims against Defendants with greater particularity. Plaintiffs shall file any such amended complaint within fourteen (14) days from the date of this Order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants City of Bay St. Louis and Mayor Mike Favre's Motion to Dismiss [19], and Defendant Lonnie Falgout's Motion to Dismiss [32], are **GRANTED IN PART** as to the Plaintiffs' 42 U.S.C. § 1983 official capacity claims against Defendants Favre and Falgout, and as to the punitive damages claims against Defendant City of Bay

St. Louis under 42 U.S.C. § 1983 and state law. These claims are **DISMISSED WITH PREJUDICE**. The Motions are **DENIED WITHOUT PREJUDICE** as to Plaintiffs' remaining claims.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs L & L Construction Services, L.L.C., and Keith Marquar shall file any amended complaint within fourteen (14) days of the date of this Order.

**SO ORDERED AND ADJUDGED**, this the 14th day of August, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

11